# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **MELINDA ANN GREEN,** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No.: 4:12-CV-1994-VEH** |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSION,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Commissioner's Motion for Remand Under Sentence Six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (Doc. 6) (the "Motion to Remand") filed on October 4, 2010.  The Commissioner contends that reversal and remand is appropriate because "[s]ignificant portions of the recording of the hearing held on August 10, 2010 are inaudible."  (Doc. 6-1 at 2.)  The Commissioner further points out that "the joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 . . . [indicated that] in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner."  (Doc. 6-1 at 1–2.)

On October 5, 2012, Plaintiff was ordered to show cause by October 19, 2012, why the Commissioner's Motion to Remand should not be granted.  On October 8, 2012, Plaintiff filed her response, indicating that she "has no objection to remand." (Doc. 7 at 1) (emphasis added).  Furthermore, Plaintiff's attorney asserted that the attorneys in her office will "routinely" not object to a motion to remand by the Commissioner and will plainly tell the Commissioner their position over the phone. (Doc. 7 at 1.)  Therefore, the court points out that, if the Commissioner's attorney had bothered to call the Plaintiff's attorney before filing the Motion to Remand, he could have saved the Plaintiff and the court time and resources.

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)).  Under Sentence Six of 42 U.S.C. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ."  42 U.S.C.A. § 405(g).

In light of Plaintiff's decision not to contest the remand and otherwise for good

cause shown, the Commissioner's Motion to Remand is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until the **LATER OF**:

1) **THIRTY (30) DAYS** subsequent to the resolution of the request by Plaintiff's attorney to the Social Security Administration for authorization to charge a fee for proceedings before the Commissioner; **or**

2) **THIRTY (30) DAYS** subsequent to receipt by Plaintiff's attorney of the closeout letter required under the Program Operations Manual System GN 03930.91.

The court expects that, in the usual case, a timely request for authorization to charge a fee will be made to the Commissioner prior to the filing of a motion for attorney's fees under § 406(b) in this court. If Plaintiff's attorney is not entitled to recover a fee for work done at the administrative level, any motion filed with the

court should so state.

*This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

**DONE** and **ORDERED** this the 10th day of October, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge